IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**SANTIAGO MARTINEZ, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                               No. 6:20-cv-513

**ENVIRONMENTAL OIL RECOVERY, INC.**           **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Santiago Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Environmental Oil Recovery, Inc. ("Defendant"), he states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Defendant's headquarters are located within the Tyler Division of the Eastern District of Texas.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Johnson County.

7. Defendant Environmental Oil Recovery, Inc., is a domestic, for-profit corporation.

8. Defendant's registered agent for service is Lori Morgan at 783 Etheredge Road, Longview, Texas 75602.

9. Defendant maintains a website at http://environmentaloilrecovery.com.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant is a company offering oil recycling services.

12. During each of the three years preceding the filing of this Complaint, Defendant employed two or more individuals who engaged in interstate commerce or business transactions, or who produced goods to be transported or sold in interstate

commerce, or who handle, sell, or otherwise worked with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and motor oil.

13.   Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14.   Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, the employer of Plaintiff.

15.   At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16.   Defendant employed Plaintiff as a driver from around November of 2017 to around May of 2020.

17.   Defendant also employed other drivers within the three years preceding the filing of this lawsuit.

18.   At all times material herein, Plaintiff has been improperly classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

19.   Defendant also improperly classified other drivers as exempt from the overtime requirements of the FLSA.

20.   At all relevant times herein, Defendant directly hired drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21.   Plaintiff worked for Defendant out of Defendant's location in Fort Worth.

22. As a driver, Plaintiff was primarily responsible for picking up used oil and oil filters from Defendant's customers and delivering them to Defendant's locations.

23. Other drivers had job duties similar to Plaintiff's.

24. Defendant paid Plaintiff a day rate without any overtime premium.

25. Plaintiff was not guaranteed a salary and was paid only for the days that he worked.

26. Plaintiff received the same day rate regardless of how many hours he worked in a day.

27. Plaintiff was not paid at all for work he performed on weekends.

28. On weekends, Plaintiff was required to spend time servicing Defendant's trucks.

29. Other drivers also received a set day rate with no overtime premium.

30. Plaintiff and other drivers did not have the authority to hire or fire any other employee.

31. Plaintiff and other drivers did not recommend employees to be hired or fired, nor were their recommendations given any particular weight.

32. Plaintiff and other drivers did not exercise independent judgment as to matters of significance in carrying out their duties.

33. Plaintiff regularly operated vehicles with a gross vehicular weight of 10,000 pounds or less in carrying out his duties for Defendant.

34. Specifically, Plaintiff regularly used his personal pickup truck and a company pickup truck, each with a gross vehicular weight of 10,000 pounds or less, to complete work for Defendant.

35. Other drivers also regularly operated vehicles with a gross vehicular weight of 10,000 pounds or less in carrying out their duties for Defendant.

36. Plaintiff and other drivers regularly worked over forty (40) hours per week.

37. Defendant knew or should have known that Plaintiff and other drivers were working over forty (40) hours per week.

38. Upon information and belief, Defendant's pay policies were the same at all its locations.

39. At all relevant times, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as drivers who were, are, or will be employed by Defendant within the applicable statute of limitations period, and who are entitled to payment of the following types of damages:

A. Overtime wages for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

43. Plaintiff proposes the following collective under the FLSA:

**All drivers within the past three years.**

44. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth below.

46. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid a day rate;

   B. They had substantially similar job duties and responsibilities; and

   C. They were subject to Defendant's common policy of requiring employees to perform work over forty (40) hours per week without providing overtime compensation.

47. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty (20) persons.

48. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

49. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

50. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times their regular wages for all hours worked over forty (40), unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55. Defendant misclassified Plaintiff as exempt from the requirements of the FLSA.

56. Defendant failed to pay Plaintiff for all hours worked, including one and one-half (1.5) times his regular rate for all hours worked in excess of forty (40) hours per week.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

63. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

67. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

68. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

69. Defendant knew or should have known that its actions violated the FLSA.

70. Defendant's conduct and practices, as described above, were willful.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

72. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Santiago Martinez, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.   A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.   Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.   Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.   An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF SANTIAGO MARTINEZ,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford* _____
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com