UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00513

**Santiago Martinez,**
*Plaintiff,*

v.

**Environmental Oil Recovery, Inc.,**
*Defendant.*

### ORDER

Plaintiff Santiago Martinez filed this action pursuant to the Fair Labor Standards Act ("FLSA"), alleging that defendant failed to pay him overtime wages. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

This order concerns defendant's motion for summary judgment. Doc. 41. On December 14, 2021, the magistrate judge issued a report recommending that the motion be granted. Doc. 55. Plaintiff timely filed written objections. Doc. 56. Defendant filed a response to plaintiff's objections. Doc. 58. The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo.[1] *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

### Discussion

Plaintiff first objects to the magistrate judge's consideration of plaintiff's evidence of the gross vehicular weight rating ("GVWR") of the vehicles he allegedly operated for defendant. Plaintiff argues that the magistrate judge improperly disregarded plaintiff's evidence. The Technical Corrections Act ("TCA") narrowed the employees who are covered by the FLSA, and excepted from the Motor

---

[1] This matter is set for a bench trial before the undersigned. *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (In affirming a grant of summary judgment prior to a bench trial, the Fifth Circuit held that "[t]he district court has somewhat greater discretion to consider what weight it will accord the evidence") (internal citations omitted).

Carrier Act ("MCA") exemption, to those "whose work, in whole or in part," affects "the safety and operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce . . ." SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110–244, § 306(a), (c), 122 Stat. 1572, 1621 (June 6, 2008); *Carley v. Crest Pumping Technologies, L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) (the TCA designates "a class of employees to which the MCA exemption does not apply"). In other words, the MCA exempts certain employees from being covered under the FLSA. The TCA further excepts some employees from the MCA exemption, returning them to coverage under the FLSA.

It is plaintiff's burden to establish that he is entitled to the TCA exception to the MCA exemption, including showing that he worked on a TCA-eligible vehicle, and that he did so on more than a *de minimus* basis. *Carley*, 890 F.3d at 579–80. Further, plaintiff is required to establish the applicability of the TCA on a weekly basis. *See, e.g.*, *Spangler v. Mourik, L.P.*, No. CV H–16–0349, 2017 WL 3412117, at *16 (S.D. Tex. Aug. 8, 2017) (citing *Hernandez v. Alpine Logistics, LLC*, No. 08–CV–6254T, 2011 WL 3800031, at *5 (W.D.N.Y. Aug. 29, 2011) (discussing Department of Labor, Wage & Hour Division, Fact Sheet #19 (Nov. 2009))).

Here, as in *Rychorcewicz v. Welltec, Inc.*, 768 Fed. App'x 252, 256–57 (5th Cir. 2019), plaintiff has not met his burden. Plaintiff provided the make and a range of year models for the vehicles that he allegedly drove and provided manufacturer specifications for them in the form of website links. In *Rychorceviczi*, the Fifth Circuit affirmed summary judgment against plaintiffs claiming the TCA exception, finding that website links stating the GVWR data for particular vehicles, without a VIN, was not competent summary judgment evidence because it did not show the GVWR for the specific vehicles the plaintiffs drove. *Id*. Similarly, the district court in *Rychorceviczi* refused to take judicial notice of the GVWR of the vehicles. *Id*. Thus, contrary to plaintiff's objection, the magistrate judge considered plaintiff's declaration and found that plaintiff's evidence did not met his

burden to establish the applicability of the TCA exception. The objection is therefore overruled.

Next, plaintiff objects to the magistrate judge's determination that plaintiff had not provided competent evidence of when he drove a lightweight vehicle. Plaintiff asserts that the magistrate judge made an improper credibility determination. In his response to defendant's motion for summary judgment, plaintiff included his own declaration. Doc. 47. Declarations supporting summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In his declaration, plaintiff contradicted his deposition testimony in which he claimed he could not remember the number, make, or model of defendant's pickup trucks. *See* Doc. 43-3 at 60. Plaintiff fails to explain how he gained this new information, and instead admits that it is based on internet research, not his personal knowledge. Doc. 47-1.

Further, as discussed in the previous objection, it is plaintiff's burden to establish the applicability of the TCA exception on a week-by-week basis. Therefore, even if the court took judicial notice of the vehicles plaintiff allegedly drove, plaintiff still does not meet his burden. Therefore, the magistrate judge's refusal to take judicial notice has no effect on the disposition of this action. Plaintiff failed to produce evidence regarding the existence of or timing for his alleged TCA-eligible activities despite his access to defendant's records. In his deposition, plaintiff claimed he could not remember any specific trips in a TCA-eligible vehicle or when they occurred. Doc. 43-3. In his declaration, plaintiff contradicts his deposition testimony, without explanation, essentially claiming that the contemporaneous records, verified by plaintiff, are not relevant or that he falsified them. *See Doe ex rel Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) (discussing the "sham-affidavit" rule).

Thus, contrary to plaintiff's assertion, the magistrate judge did not make a credibility determination, but correctly concluded that the conclusory assertions in plaintiff's declaration were not competent evidence. *See Roach v. Allstate Indem. Co.*, 476 F. App'x 778, 780

(5th Cir. 2012) (citing *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)); Fed. R. Evid. 602. Plaintiff's objection is overruled.

Finally, plaintiff's third objection concerns the legal standard to establish the applicability of the TCA exception. Plaintiff argues that the magistrate judge erred in concluding that plaintiff was required to produce evidence that he transported goods in interstate commerce in a lightweight vehicle.

This objection is not persuasive. The report reflects that the magistrate judge considered whether the evidence supported plaintiff's specific assertion that the TCA-eligible work he allegedly performed was that of transporting goods (barrels of recyclable oil or oil filters) in interstate commerce in a company pickup truck or his personal vehicle. For the reasons discussed above, plaintiff has failed to meet his burden to establish the applicability of the TCA exception during any particular work week, regardless of the type of work he allegedly performed.

Accordingly, the magistrate judge properly determined that a reasonable fact finder would be unable to conclude, for any specific week, that plaintiff worked on a TCA=eligible vehicle on a more than *de minimis* basis. *See Norman v. QES Wireline LLC*, NO. 4:16-cv-02396, 2019 WL 4674957 (S.D. Tex. Aug. 30, 2019) *report and recommendation adopted* 2019 WL 4673208 (S.D. Tex. Sept. 25, 2019) (granting summary judgment where plaintiffs failed to meet their burden to establish that they fell into the TCA exception to the MCA exemption). The objection is overruled.

Reviewing the magistrate judge's findings de novo, the court concludes that the magistrate judge correctly determined that defendant met its burden to show the applicability of the MCA exemption to the FLSA and that, conversely, plaintiff has not met his burden under the TCA exception to the MCA exemption.

## Conclusion

For the reasons stated above, all of plaintiff's objections are overruled, and the report and recommendation of the magistrate judge

(Doc. 55) is accepted. *See* Fed. R. Civ. P. 72(b)(3). Defendant's motion for summary judgment (Doc. 41) is granted.

*So ordered by the court on January 10, 2022.*

J. CAMPBELL BARKER
United States District Judge